**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Salazar, surviving parent of Luis Miguel Salazar, deceased, on behalf of herself and all surviving beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>Acuity Brands Lighting, Inc., *et al.*,<br><br>Defendant. | No.  CV-21-0349-TUC-DCB (BGM)<br>    CV-21-0350-TUC-JAS (BGM)<br><br>**ORDER** |
| Victor Acuna, an unmarried man,<br><br>Plaintiff,<br><br>v.<br><br>Acuity Brands Lighting, Inc., *et al.*,<br><br>Defendant. | |

Currently pending before the Court is Nonparty City of Tucson's ("COT" or "City") Motion to Quash Rule 30(b)(6) Subpoena and Request for Leave to File Motion to Quash (Doc. 26). Defendant Acuity Brands Lighting, Inc. has filed a response (Doc. 29).

## I.    BACKGROUND

On January 20, 2022, Defendant Acuity Brands Lighting, Inc. served a Rule 30(b)(6) subpoena on COT along with another subpoena directed to City Code Enforcement Officer Juan Valdez.  COT's Mot. to Quash (Doc. 26), Exhs. "A" and "B."

Mr. Valdez performed the inspection at 1601 West Commerce Court, Tucson, Arizona where the collapse occurred. COT's Mot. to Quash (Doc. 26) at 3 and E-mail Correspondence (Exh. "C"). The City has informed defense counsel and this Court that Mr. Valdez would be the appropriate person to provide 30(b)(6) deposition testimony. *Id.* On February 22, 2022, Defendant deposed Mr. Valdez as a fact witness, but also covered topics responsive to the 30(b)(6) deposition. *See* COT's Mot. to Quash (Doc. 26), Valdez Depo. 2/22/2022 (Exh. "E") (Doc. 26-6). Following Mr. Valdez's deposition, the City reiterated that it "did not have another person with more knowledge than Mr. Valdez to produce in response to the [30(b)(6)] subpoena." COT's Mot. to Quash (Doc. 26) at 4. The City also observed that Mr. Valdez had responded to all the issues delineated by the subpoena, except for providing documents related to Item No. 4 — "Any and all building code inspections conducted at 1601 W. Commerce Court, Tucson, AZ 85746 conducted prior to September 22, 2020." *Id.*; *see also* COT's Mot. to Quash (Doc. 26), Exh. "A." Defense counsel refused to withdraw the Rule 30(b)(6) subpoena unless the City agreed to the following:

> (1) the City of Tucson will execute an affidavit confirming the records accessible via the link you sent in your email of Friday, March 18 are a complete set of all records (including documents, notes, photographs, and other materials) responsive to our subpoena for the 30(b)(6) Deposition; and,
>
> (2) the City of Tucson and Plaintiffs will stipulate that portions of Mr. Valdez's deposition testimony of February 22, 2022 in this case shall be regarded as the 30(b)(6) testimony of the City of Tucson responsive to our subpoena for the 30(b)(6) Deposition. We would ask that the City execute an affidavit confirming the portions of Mr. Valdez's testimony are designated as 30(b)(6) testimony of the City of Tucson.

COT's Mot. to Quash (Doc. 26), Carlson Ltr. to Hunter-Patel 3/20/2022 (Exh. "D"). The City's motion to quash followed.

## II. LEGAL STANDARD

Rule 45(d)(3), Federal Rules of Civil Procedure, governs quashing or modifying a subpoena. Fed. R. Civ. P. 45(d)(3). Rule 45(d)(3)(A) mandates that a court must quash or

modify a subpoena that:

    (i)     fails to allow a reasonable time to comply;

    (ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);

    (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv)   subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). "Rule 26 of the Federal Rules of Civil Procedure is also relevant when considering a motion to quash because it defines the permissible scope of discovery and that same scope of discovery applies to a Rule 45 subpoena." *Brown v. Sperber-Porter*, 2017 WL 10409840, at *2 (D. Ariz. Nov. 6, 2017). "Rule 26(b) allows for 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering,' among other factors, 'the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Hausauer v. City of Mesa*, 2017 WL 6515963 at *1 (D. Ariz. Apr. 5, 2017) (quoting Fed. R. Civ. P. 26(b)).

### III.   ANALYSIS

"Non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D. Ill. 2009) (citations omitted). "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982).

Here, nonparty COT designated Mr. Valdez as the appropriate 30(b)(6) witness, provided Defendant access to documents responsive to the subpoena, and Defendant had the opportunity to depose Mr. Valdez. The City has also offered hard copies of documents, in the event that Defendant was unable to utilize the online version provided. COT Mot. to Quash (Doc. 26) at 6 n.4 and Exh. "C." Defendant seeks to shift the burden of the

litigation to the City rather than doing the work and seeking clarification if necessary. The City properly designated Mr. Valdez as its 30(b)(6) witness as required by the rules. *See* Fed. R. Civ. P. 30(b)(6) ("The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."). Defendant deposed Mr. Valdez as a fact witness, but also covered the topics delineated in the 30(b)(6) notice. *See* COT's Mot. to Quash (Doc. 26) (Exh. "E"). Because the documentary discovery is obtainable from the City's public records, which Defendant has access to, and Mr. Valdez has already sat for a deposition, the Court finds it appropriate to quash the 30(b)(6) subpoena. The Court is confident that if significant unanswered questions remain, Defendant can work with counsel for the City to identify and resolve those issues. The Court declines to award attorney's fees or costs in this matter.

Accordingly, IT IS HEREBY ORDERED that Nonparty COT's Motion to Quash Rule 30(b)(6) Subpoena and Request for Leave to File Motion to Quash (Doc. 26) is GRANTED.

Dated this 14th day of July, 2022.

Honorable Bruce G. Macdonald
United States Magistrate Judge